**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**JOHNNY RUSSELL JOHANSSON, # 167136**                                **PETITIONER**

**v.**                                                **CIVIL ACTION NO. 5:14cv96-DCB-MTP**

**RON KING**                                                          **RESPONDENT**

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on the *pro se* Petition of Johnny Russell Johansson for

Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [1], and Respondent's Motion to Dismiss

Pursuant to § 2244(d) [10].  Having carefully considered the submissions of the parties and the

applicable law, the undersigned recommends that Respondent's Motion to Dismiss [10] be

GRANTED.

**PROCEDURAL HISTORY**

On April 4, 2011, Petitioner Johnny Russell Johansson pled guilty to and was convicted of

touching a child for  lustful purposes in Adams County Circuit Court, Mississippi.[1] Petitioner was

sentenced to eleven (11) years in the custody of the Mississippi Department of Corrections, with ten

(10) years post-release supervision and credit for time served in the Adams County Jail.[2] On

February 10, 2014, Petitioner's post-release supervision was revoked due to an indictment for failure

to register as a sex offender.[3] Petitioner is currently incarcerated in the Central Mississippi

---

[1]Order [10-1].

[2]*Id.*

[3]Order [10-2].

Correctional Facility in Pearl, Mississippi.[4]

Petitioner filed a Petition for Writ of Habeas Corpus sometime between August 17, 2014, the date it was signed, and September 18, 2014, the date it was stamped "filed."[5] On October 24, 2014, the district court severed Petitioner's 28 U.S.C. § 2254 habeas claim from his 42 U.S.C. § 1983 claim and opened a new civil action.[6] Additionally, on November 14, 2014, the district court removed Judge Forrest Al Johnson and David Blalock, Sr., Deceased, and substituted Ron King, Superintendent of the Central Mississippi Correctional Facility, as the sole Respondent in this action.[7] On November 19, 2014, Respondent filed a Motion to Dismiss in which he contends that the petition was not timely filed.[8] In the alternative, Respondent contends that the instant petition should also be dismissed for failure to exhaust state remedies.[9]

---

[4]Petition [1].

[5]Under the mailbox rule, a *pro se* federal habeas petition is deemed filed on the date he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999).

[6]Order [4]. Additionally, the Court directed the Petitioner to clarify his habeas claims by completing a form § 2254 Petition for Writ of Habeas Corpus. *See* Order [6]. Plaintiff completed the form and filed it with the Court on or about November 5, 2014. *See* Response [7]. However, the undersigned will consider the timeliness of Petitioner's original pleading [1] in evaluating the Respondent's motion to dismiss.

[7]Order [8].

[8]Motion [10].

[9]*Id.* Further, on or about January 21, 2015, Petitioner filed an Amended Petition [11] without leave of court, challenging his revocation order dated February 10, 2014. Respondent has not filed a response to the amended petition. Because the Petitioner's parole revocation was a proceeding separate from his original conviction, any challenges to the revocation should be addressed by a separate petition. By separate order [12], a new civil action will be opened to address Petitioner's challenges to his parole revocation.

## ANALYSIS

Section 2244(d)(1) of the Antiterrorism and Effective Death Penalty Act ("AEDPA")

provides that a one-year period of limitations applies to an application for a writ of habeas

corpus, to run from the latest of: (A) the date on which the judgment became final; (B) the date

on which the impediment to filing an application created by State action in violation of the

Constitution or United States law is removed; (C) the date on which the constitutional right

asserted was initially recognized by the Supreme Court and made applicable retroactively; or (D)

the date on which the factual predicate of the claims presented could have been discovered

through the exercise of "due diligence."  28 U.S.C. § 2244 (d)(1).

The time for filing a federal habeas petition may be extended by the application of either

statutory or equitable tolling. Whether statutory tolling occurred during the period between the

judgment becoming final on April 4, 2011[10], and Petitioner's filing of the federal petition for

habeas corpus on or about August 17, 2014, is determined by reference to 28 U.S.C. §

2244(d)(2), which provides for tolling of the one-year limitation period during the time in

"which a properly filed application for State post-conviction or other collateral review" remains

pending.  The decision to apply the equitable tolling doctrine to the one-year limitation period

set forth in section 2244(d) rests within the sound discretion of the district court.  *Fisher v.*

*Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).  Generally, equitable tolling is appropriate only in

"rare and exceptional circumstances."  *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998).  The

petitioner bears the burden of proving the existence of rare and exceptional circumstances which

warrant equitable tolling.  *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).  Equitable

---

[10]*See* Guilty Plea and Sentencing Order [10-1].

tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999).

The limitations period set forth in Section 2244(d) bars federal habeas review unless the prisoner can demonstrate (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) that the court's "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Calderon v. Thompson*, 523 U.S. 538, 558 (1998) (noting that these exceptions survived the passage of the Section 2244(d)). The "fundamental miscarriage of justice" exception is applicable only to the severely confined category of actual-innocence, where prisoners must demonstrate that new evidence "shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner]." *McQuiggin v. Perkin*, 133 S. Ct. 1924, 1927 (2013) (citing *Schlup v. Delo*, 513 U.S. 2298, 329 (1995)).

In this case, Petitioner did not file his habeas petition within the time period allotted in Section 2244(d)(1).  The one-year period began to run on April 4, 2011, when the conviction became final. Accordingly, the deadline for filing a timely petition would have been April 4, 2012. Petitioner filed the instant petition on August 17, 2014, well over two years beyond the AEDPA deadline. Petitioner did not file an application for post-conviction relief in state court.[11] Thus, Petitioner is not entitled to statutory tolling.

Likewise, Petitioner is not entitled to equitable tolling, as he alleges no circumstances

---

[11]Section 2244(d)(2) provides that the time during which a "properly filed" application awaits post-conviction or collateral review in State court is not counted toward the limitation period.

where he was actively misled by the cause of action or otherwise prevented from asserting his rights." *Ott,* 192 F.3d at 513. Equitable tolling of the limitations period is appropriate only in "rare and exceptional circumstances." *Davis*, 158 F.3d at 811. Federal habeas review is thus barred in this case unless Petitioner can demonstrate (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) that the court's "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

Petitioner provides no cause for the delay in filing his petition. He appears to claim that any defect in his petition should be excused due to ineffective counsel.[12] While ineffective counsel on direct appeal may provide cause to avoid a procedural bar, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), Petitioner argues only that the  ineffective assistance of counsel prevented him from properly exhausting certain claims in state court. However, the performance of Petitioner's counsel has no bearing on his ability to timely file a federal habeas petition under 2244(d). *See Yow v. Thaler*, 2012 WL 2795850 at *2 (N.D. Texas, June 20, 2012) (holding that claim of ineffective assistance of counsel did not disturb the conclusion that petition was filed outside the one-year limitations period of 2244(d)); *see also Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) ("[M]ere attorney error or neglect is ***not*** an extraordinary circumstance such that equitable tolling is justified.") (emphasis added).

Petitioner also appears to argue that his petition should be granted due to hearing and

---

[12]*See generally* Response [7]. Petitioner repeatedly offers this explanation under the heading "If you did not exhaust your state remedies . . . explain why."

learning disabilities.[13] However, the Fifth Circuit has made clear that neither a petitioner's

unfamiliarity with the legal process nor his lack of representation merits equitable tolling.

*Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (holding that it is irrelevant

whether ignorance is due to illiteracy or any other reason). Further, deafness does not warrant an

equitable tolling exception. *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (holding

that deafness does not prevent a petitioner from learning about the law underlying his claim); *see*

*also Patton v. Stephens*, 2014 U.S. Dist. LEXIS 168130, at *15 (N.D. Tex., Nov. 7, 2014)

(holding that failure to show that the auditory disability rendered counsel ineffective prevents the

petitioner from claiming an equitable tolling exception).

Finally, while Petitioner contends that he is innocent of the crime for which he is

convicted, he presents no new evidence to the Court in support of his claim.[14] Federal case law is

abundantly clear that the "miscarriage of justice" exception is strictly limited to cases of actual

innocence and does not reach questions of due process in any habeas claim. *Schlup*, 513 U.S. at

316 ("Without any new evidence of innocence, even the existence of a concededly meritorious

violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas

court to the merits of a barred habeas claim."). Accordingly, because the Petition was not timely

filed and does not fall under any exception to Section 2244(d), it is time barred and should

dismissed with prejudice.

## RECOMMENDATION

Based on the foregoing reasons, the undersigned recommends that the Respondent's

---

[13]*Id.*

[14]*See* Response [7].

Motion to Dismiss [10] be GRANTED, and that Petitioner's Application for a Writ of Habeas Corpus [1] be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 24th of July, 2015.

/s Michael T. Parker
United States Magistrate Judge