IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


JOHNNY RUSSELL JOHANSSON, #167136                     PETITIONER


VS.                            CIVIL ACTION NO: 5:14-cv-96-DCB-MTP


RON KING                                              RESPONDENT

### ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation of July 24, 2015 **[docket entry no. 13]**. Therein, Judge Parker recommends that the Motion to Dismiss **[docket entry no. 10]** be granted and that the Application for a Writ of Habeas Corpus be dismissed with prejudice. Having reviewed the Report and Recommendation, the petitioner's objections thereto, and applicable statutory and case law, the Court finds and orders as follows:

### I. Factual and Procedural Background

On April 4, 2011, Petitioner Johnny Russell Johansson entered a guilty plea and was convicted of touching a child for lustful purposes in the Adams County Circuit Court. He was sentenced to a term of prison for eleven years and ten years of post-release supervision. On February 10, 2014, Johansson's post-release supervision was revoked because he was indicted for failure to register as a sex offender.

1

Johansson filed the instant Petition for Writ of Habeas Corpus sometime between August 17 and September 18 in 2014. August represents the date the petition was signed; September the date it was stamped filed by the clerk's office. On November 19, 2014, Respondent Ron King, the Superintendent of the Central Mississippi Correctional Facility, filed a motion to dismiss arguing that the petition was not timely filed and alternatively that Johansson had failed to exhaust his state remedies.

## II. Magistrate Judge's Findings

Judge Parker found that Johansson had not filed his petition within the one-year statute of limitations. Federal law provides that

> [a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]

28 U.S.C. § 2244(d)(1)(A) (1996). Judge Parker found that Johansson's judgment became final on April 4, 2011, and therefore, the deadline to file an application for a writ of habeas corpus passed on April 4, 2012. Because the earliest date the Court can recognize for the filing of this petition is August 17, 2014, Johansson falls well outside the statute of limitations.

Judge Parker also found that neither statutory or equitable tolling applied. Statutory tolling applies only where a petitioner

has "a properly filed application for State post-conviction or other collateral review . . . pending." § 2244(d)(2). Johansson has not filed for collateral review in state court. Equitable tolling applies only in "rare and exceptional circumstances," <u>Davis v. Johnson</u>, 158 F.3d 806, 811 (5th Cir. 1998), where "the prisoner can demonstrate cause for the default [on his habeas claim] and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991). As to default, Judge Parker found that Johansson's arguments related to ineffective assistance of counsel and hearing and learning disabilities were insufficient to merit tolling. As to the "miscarriage of justice" exception, Judge Parker found Johansson had not presented any new evidence to support a finding of actual innocence.

### III. Petitioner's Objections

Johansson timely filed his objections to the Report and Recommendation.[1] King did not respond to the objections or inform

---

[1] The docket for this case lists the filing date of the objections as August 17, 2015. The Report and Recommendation was entered on April 24, 2015. Objections to a Report and Recommendation must be filed within fourteen days. 28 U.S.C. § 636(b)(1) (2009); L.U. Civ. R. 72(a)(1)(A). But when service is made by regular mail, as is the case here because Johansson is incarcerated, three days are added to the filing deadline. <u>See</u> Fed. R. Civ. P. 6(d). Therefore, the deadline for objections was August 10, 2015. Under the prison mailbox rule, "a pro se prisoner's written objections to a magistrate's report and recommendations must be deemed filed and served at the moment

the Court that he would not respond, as required by Uniform Local Civil Rule 72(a)(3). Johansson raises four objections: (1) that his guilty plea was a result of ineffective assistance of counsel; (2) that he lacked knowledge of the requirement to register as a sex offender; (3) that because of the substitution by the Court of King as the Respondent, he be appointed counsel; and (4) that he is not ignorant but requires the use of a hearing aid to understand court proceedings. Objection 1-2, ECF No. 14.

"[P]arties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987) (quoting Nettles v. Wainwright, 667 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)). Meritorious objections mandate a de novo review of the Report and Recommendations. 28 U.S.C. § 636(b)(1) (2009). Merely reurging the allegations in the petition or attacking the underlying conviction is insufficient to receive de novo review, however. Those portions of the report not objected to are reviewed only for plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28

---

they are forwarded to prison officials for delivery to the district court." Thompson v. Raspberry, 993 F.2d 513, 515 (5th Cir. 1993). The envelope in which Johansson's objections were sent is postmarked August 6, 2015. See Objection Attachment #1, ECF No. 14-1. Therefore, the Court finds that the objections were forwarded to prison officials sometime before this.

U.S.C. § 636(b)(1).

The Court overrules all of Johansson's objections and finds that none of them merit a de novo review of the Report and Recommendation. The first objection is frivolous because as Judge Parker stated, even if Johansson's guilty plea were the result of ineffective assistance of counsel, this does not toll the applicable statute of limitations. Yow v. Thaler, No. 3:10cv5, 2012 WL 2795850, at *2 (N.D. Tex. June 20, 2012) (discussing Martinez v. Ryan, 132 S. Ct. 1309 (2012)); Report & Recommendation 5 (citing Yow). The second objection attacks Johansson's underlying incarceration based on his failure to register as a sex offender. The third objection is a general objection to the way the Court handled this proceeding. The fourth objection is frivolous because, as Judge Parker stated, Johansson's deafness did not prevent him "from learning about the facts or law underlying his claims." U.S. v. Flores, 981 F.2d 231, 236 (5th Cir. 1993); Report & Recommendations 6 (citing Flores).

## IV. Order

Having reviewed the Report and Recommendation for plain error, and finding none, the Court is satisfied that Judge Parker has undertaken an extensive examination of the issues in this case and has issued a thorough opinion. Accordingly,

IT IS HEREBY ORDERED THAT the Magistrate Judge's Report and Recommendation is ADOPTED.

FURTHER ORDERED that the Petitioner's Objections to the Magistrate Judge's Report and Recommendation are OVERRULED.

FURTHER ORDERED that the Motion to Dismiss is GRANTED.

FURTHER ORDERED that the Petition for Write of Habeas Corpus is DISMISSED WITH PREJUDICE.

A final judgment dismissing the Petition will follow in accordance with Federal Rule of Civil Procedure 58.


SO ORDERED this the 26th day of August 2015.


                                    /s/ David Bramlette
                                    UNITED STATES DISTRICT JUDGE